PETER VAIL, RESPONDENT, *v.* IRA B. TUTHILL, APPELLANT.

*Judgment on accounting — Assumption of outstanding claim operates as a transfer of it — Evidence.*

This action was brought by the plaintiff to recover the value of certain wood sold to the defendant, who, with one Deen, were manufacturing brick as assignees of one Horne. The wood was sold upon the agreement of the defendant to be personally responsible therefor. The defendant set up a counter-claim for bricks sold by him and Deen to the plaintiff. Upon the trial the court refused to receive in evidence a judgment recovered after the commencement of this action, in an action brought against the defendant, Tuthill, and Dean, as assignees for an accounting, in which Tuthill charged himself with the price of the brick as so much money received from the plaintiff. *Held*, that the judgment should have been received in evidence, although recovered after the commencement of this action, and that as it appeared thereby that the defendant had become the owner of the claim against the plaintiff, he was entitled to set it up as a counter-claim in this action. (DYKMAN, J., dissenting.)

APPEAL from a judgment of the County Court of Suffolk county, affirming a judgment in favor of the plaintiff, recovered in a Justice's Court.

*George Miller*, for the appellant.

*Wm. Wickham*, for the respondent.

BARNARD, P. J.:

A Mr. Horne, who was a manufacturer of brick, of Robbins island, Suffolk county, became embarrassed and assigned his business to defendant and a Mr. Deen to close up the same, and from the proceeds to pay the laborers, and claims which defendant Tuthill held against Horne. Tuthill was the sole actor in the assignment. It seems a Mrs. Moffit was in some way bound to pay defendant's claims against Horne, as security for Horne. The assignment was made in October, 1873. The plaintiff brought wood to the yard and exacted a personal liability upon the part of defendant to pay for the same. The amount of wood and profit was $105.50. At the same time he received 12,000 bricks for the price of ninety-six dollars, leaving a balance of nine dollars and fifty cents, for which he brings this suit. On the 10th November, 1873, the plaintiff

received another 12,000 of brick at the price of ninety-six dollars, and the defendant seeks to set off this claim in extinguishment of the plaintiff's claim, and asks judgment for the balance. The plaintiff's claim was undisputed. The defendant gave evidence tending to show that he was the sole acting assignee. That the property did not realize enough to pay his, defendant's, claims. That the other claims in the assignment were all paid. That, in November, 1874, Mrs. Moffit commenced an action against him and Deen for an accounting under the assignment. That in the defendant Tuthill's answer, he charged himself with this claim on the 4th December, 1873, as if the money had been received by him.

The action was not finally disposed of until after this action was tried before the justice, but resulted in a judgment based upon the defendant's answer, as to the claim in question before the trial in the County Court. The court rejected the judgment roll. I think this was erroneous. The judgment determined the existence of the facts necessary to support it, even as against a stranger. The judgment was complete evidence of title to the demand. It was none the less evidence because it was recorded after the present action was commenced. The plaintiff had no title to be overreached by the decree. If he had, the decree would not affect him. As between Moffit, Horne, Deen and defendant, it established the title of defendant to his claim. (*Fuller* v. *Van Geeson*, 4 Hill, 171.)

The plaintiff's wood was burned in the manufacture of the brick made at Robbins island. It is really a claim legally against both assignees. The plaintiff gave the credit to defendant only, and therefore can sue him alone, but still equity and justice requires the offset if it can be legally made. By the aid of the judgment roll defendant would have such an equitable right to the claim, individually, as would permit the offset.

I think the judgment should be reversed and a new trial granted, costs to abide event.

DYKMAN, J. (dissenting) :

This cause originated in a Justice's Court, was afterwards tried on appeal in the County Court of Suffolk county, and now comes to us on appeal from the judgment rendered in favor of the plaintiff. The plaintiff's claim is as follows :

| | | |
|---|---:|---:|
| Eighteen cords of wood, at four dollars and seventy-five cents ........................................ | $85 | 50 |
| Freight ............................................ | 20 | 00 |
| | $105 | 50 |
| Credit: Twelve thousand brick, at eight dollars........ | 96 | 00 |
| | $9 | 50 |

The defendant's claim against the plaintiff is as follows:

| | | | | |
|---|---:|---:|---:|---:|
| 1873. October 10.   Twelve thousand brick, at eight dollars, | | | $96 | 00 |
| 1873. November 4.   Twelve thousand brick, at eight dollars.................................... | | | 96 | 00 |
| | | | $192 | 00 |
| Credit: Ten loads wood, four dollars and seventy-five cents per load........................ | $85 | 50 | | |
| By freight, twenty cords, at one dollar a cord.... | 20 | 00 | | |
| | | | 105 | 50 |
| | | | $86 | 50 |

It will be thus seen that the difference between the parties arises upon the 12,000 of brick of November 4, 1873. If the plaintiff is to be charged with these brick in this action, then the judgment is wrong, and must be reversed; but if the court was right in rejecting this item, then the judgment must be affirmed. The court decided that the only question to be submitted to the jury was the claim of the plaintiff in his complaint, and that all matters alleged in the defendant's answer should be excluded from their consideration on the ground that the claim of the defendant was not an individual claim, but a claim in his favor jointly with William M. Deen.

There was no controversy over the plaintiff's claim, and the court, at the close of the testimony, directed a verdict for the full amount of it in the plaintiff's favor. The item of the defendant's claim, which is thus rejected, was for brick from Robins island. These brick, and all the other movable property on the island, were placed in the hands of the defendant and William M. Deen, as trustees, to be sold and disposed of by them and the proceeds applied by them in a certain way. The brick were

not, therefore, the individual property of the defendant, and even though they were sold and delivered to the plaintiff, yet they were not the proper subject of a set-off in favor of the defendant in an action against him alone. He could not avail himself of this item as a set-off, any more than he could maintain an action on it in his own name alone. Nay, not so well, for as he had no individual interest in the claim at all, he could not be permitted to make use of it to extinguish a personal claim against himself individually. The County Court, however, rejected the claim as an offset or counter-claim, on the broad ground that the defendant was not the sole owner of the claim. The defendant attempted to avoid this difficulty by showing that he had rendered an account as such trustee, and that the two items of brick, which he had charged to the plaintiff, had been charged to himself in these accounts, and that he had become personally liable for them, or rather had assumed them in such accounting.

There are two answers to this proposition. The first is, that if the defendant ever did become liable to pay these items as between himself and his principal, it was not until after the commencement of this action, and they were not valid and existing claims in his hands at the time of the commencement of this action, and they must have been such to make them the proper subject of offset in this action. In the next place, even though the defendant did render an account of his transaction as such trustee, in which he charged himself with these two items, and thus became liable for their payment, as between himself and his principal, did that give him such a title to these items as enabled him to use them in an action in any way; could he maintain an action upon them in his own name? We think not, but it is not necessary now to decide the question.

We think, therefore, that it results from this examination that there was nothing for the jury, and that the county judge was right in directing a verdict for the plaintiff.

Judgment affirmed, with costs.

Present — BARNARD, P. J., GILBERT and DYKMAN, JJ.

Judgment and order denying new trial reversed, and new trial granted, costs to abide event.